PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:18CR0609 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ERIC HOLDER, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 35] |

Pending is Defendant Eric Holder's Emergency Motion for Order Reducing

Sentence/Modifying Judgment or Motion for Compassionate Release (ECF No. 35), filed on

June 29, 2020.[1]  The Government has filed a response in opposition (ECF No. 39).  Defendant

has replied (ECF No. 40) and filed an additional document in support of his motion (ECF No.

41).  For the reasons that follow, Defendant's motion is denied.

## I.  Background

In January 2019, Defendant pled guilty to being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. § 922 (g)(1) without a plea agreement.  *See* Minutes of

---

[1]  In compliance with a prior Marginal Order (ECF No. 37) and Electronic Filing Policies and Procedures Manual at §§ 19 and 24, Defense counsel filed under seal Defendant's Reduction in Sentence ("RIS") Request and the rejection of the request from the warden at FCI Butner Medium II ("Butner II") (ECF No. 38-1), and CT Scan results, dated March 18, 2020, from Defendant's Bureau of Prisons ("BOP") medical records (ECF No. 38-2).

(1:18CR0609)

proceedings [non-document], dated January 31, 2019.  On August 1, 2019, the Court sentenced

Defendant to a sentence of 37 months in prison.  ECF No. 33.  Defendant is currently serving his

prison sentence at Butner II.[2]  Defendant avers that due to the COVID-19 pandemic and the high

risk of infection at the Butner Federal Prison Complex, the Court should reduce his sentence to

time-served, or modify the judgment to indicate that the remaining portion of the previously

imposed sentence be served in home confinement.  ECF No. 35 at PageID #: 224; ECF No. 40 at

PageID #: 250; ECF No. 41 at PageID #: 258.

## II.  Legal Standard for Seeking Compassionate Release

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No.

115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion

of the Director of the Bureau of Prisons ("BOP") or the defendant if the court finds that

"extraordinary and compelling reasons warrant such a reduction," and "such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission."  The

applicable policy statement also requires that Defendant not pose a danger to the safety of the

community.  U.S.S.G. § 1B1.13(2) (2018).  In making a determination regarding compassionate

---

[2]  The Butner Federal Prison Complex has two medium security facilities, a low security facility, and a hospital.  According to the BOP website (http://www.bop.gov/inmateloc/ (last visited Aug. 6, 2020)), Defendant is currently housed at Butner II, which is one of the medium security facilities.  His anticipated release date is May 3, 2022.  Butner II houses 1,411 total inmates.  *See* https://www.bop.gov/locations/institutions/btf/ (last visited Aug. 6, 2020).  As of August 5, 2020, there is one confirmed active case of COVID-19 at Butner II (0 inmates and 1 staff).  No inmates or staff have died and 3 inmates and 1 staff at Butner II have recovered from COVID-19.  *See*  https://www.bop.gov/coronavirus/ (last visited Aug. 6, 2020).

2

(1:18CR0609)

release, the Court must consider the "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable." U.S.S.G. § 1B1.13 (2018); *see also* § 3582(c)(1)(A).  A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or 30 days have elapsed since requesting that the warden of his facility initiate such action.  *United States v. Alam*, 960 F.3d 831, 834, 836 (6th Cir. 2020) (interpreting 18 U.S.C. § 3582(c) and finding the statutory prerequisites therein to be "mandatory claim-processing rules" which must be "strictly enforce[d]").

### III.  Discussion

### A.

Defendant has properly exhausted his administrative remedies.  He filed a request for compassionate release with the BOP in late April 2020 based on his metastatic cancer and treatment and the risk he faces concerning COVID-19.  The warden denied his request on May 18, 2020.  *See* ECF No. 38-1.  Defendant has appealed the denial based upon his health condition, but has not indicated whether his appeal has been resolved.  ECF No. 35 at PageID #: 225.  Because 30 days has lapsed since the warden received Defendant's request, Holder has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A).  *Alam*, 960 F.3d at 833 (6th Cir. 2020) ("They must 'fully exhaust[ ] all administrative rights' or else they must wait for 30 days after the warden's 'receipt of [their] request.' ").

3

(1:18CR0609)

## B.

To determine whether extraordinary and compelling reasons counsel the release of a defendant, the Court must, among other things, decide if a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The applicable policy statement provides that a defendant, who is not a danger, may warrant a sentence reduction when the following circumstances exist:

(A)     Medical Condition of the Defendant.–

(i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include *metastatic solid-tumor cancer*, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is–

(I)      suffering from a serious physical or medical condition,

(II)     suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)     Age of the Defendant.–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

4

(1:18CR0609)

    (C)    <u>Family Circumstances</u>.

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    <u>Other Reasons</u>.–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (2018) (italics added).[3]

The Government agrees that Defendant has demonstrated "extraordinary and compelling" reasons for release under 18 U.S.C. § 3582(c)(1)(A) based on his medical condition.  *See* ECF No. 39 at PageID #: 244-45.  He is a 41-year-old man with incurable stage IV metastatic colon cancer which has metastasized in his liver.  Importantly, Defendant is receiving the same medical treatment in Butner II as he did prior to imprisonment – the medical staff at Butner II have continued his monthly Octreotide injections and are monitoring his progress, as evidenced by ECF No. 35 at PageID #: 226.  Consistent with that prior treatment, Dr. Carden at Butner II ordered a CT Scan and ECF No. 38-2 are the results.

### C.

Specific application of the 18 U.S.C. § 3553(a) factors, however, counsel against Defendant's release.  In addition to examining whether extraordinary and compelling reasons

---

    [3] Although the applicable policy statement has not been modified to keep pace with the amended statute that now allows an inmate to seek his own release after having met certain conditions, its helpfulness persists.

(1:18CR0609)

warrant a reduction in sentence as described by the United States Sentencing Commission, courts must consider all pertinent § 3553(a) factors and whether the inmate poses a danger to the community.  *See United States v. Smith*, No. 4:15CR019, 2020 WL 3317222, at *5  (N.D. Ohio June 18, 2020) (Lioi, J.) ("the compassionate release statute directs courts to consider all of the 18 U.S.C. § 3553(a) sentencing factors "to the extent that they are applicable[.]' ") (quoting 18 U.S.C. § 3582(c)(1)(A)).  Indeed, during the COVID-19 pandemic, courts have found that even when an inmate's medical condition creates an extraordinary and compelling reason for compassionate release, compassionate release is not mandatory and can be refused after weighing the sentencing factors of § 3553(a).  *See Smith*, 2020 WL 3317222, at *5-6; *United States v. Malone*, No. 1:15CR0373-1, 2020 WL 3317240, at *5 (N.D. Ohio June 18, 2020) (Lioi, J.) (holding that even assuming defendant's borderline hypertension could rise to the level of extraordinary and compelling, the § 3553(a) sentencing factors, as well as the danger he continues to pose to the community, indicate that the defendant's compassionate release motion should be denied); *United States v. Spencer*, No. 1:15CR0375, 2020 WL 3047439, at *4-6 (N.D. Ohio June 8, 2020) (Lioi, J.) (holding that a defendant with a lengthy criminal history who had served half of his sentence for unlawful possession of firearms and ammunition should be denied compassionate release even though he demonstrated extraordinary and compelling medical circumstances).

Possessing a loaded firearm certainly creates a risk of violence and poses a danger to the safety of the community.  Defendant's medical condition also did not stop him from committing

(1:18CR0609)

the offense in July 2018.  He thus presents the same danger to the community that he did at the time of the August 2019 sentencing hearing.

This danger to the community is heightened by Defendant's criminal history.  He has a long criminal history that includes two felony offenses.  *See* Presentence Investigation Report ("PSR") (ECF No. 26) at PageID #: 167, ¶ 7.  The first felony offense resulted from his trafficking of controlled substances in 2007.  ECF No. 26 at PageID #: 171, ¶ 34.  Five years later, he was again convicted of felony trafficking charges, this time with firearm and juvenile specifications.  ECF No. 26 at PageID #: 173, ¶ 41.  Indeed, Defendant's criminal history reflects a pattern of committing an offense, serving minimal to no jail time, and then committing the same or similar offense again.  His criminal record and inability to correct his criminal behavior demonstrate his repeated disrespect for the law and a likelihood of recidivism.

Based on Defendant's criminal history and the serious nature of the offense in the case at bar, the PSR identified a guideline imprisonment range of 70 to 87 months.  ECF No. 26 at PageID #: 180, ¶ 77.  The Court varied downward to a sentence of 37 months.  ECF No. 33. Defendant has only served 12 months of that 37-month term of imprisonment.  Granting compassionate release at this stage would:  (1) diminish the seriousness of the offense in the case at bar and fail to afford adequate deterrence to Defendant and others; and (2) undermine respect for the law and represent a failure to protect the public from Defendant's recidivist tendencies. Holder's decision to carry the gun and ammunition demonstrates his propensity for violence and criminal activity.  The Court concludes his medical condition does not outweigh that significant risk.  *See United States v. Morales*, No. 3:19-CR-00121 (KAD), 2020 WL 2097630, at *3 (D.

7

(1:18CR0609)

Conn. May 1, 2020) (concluding the defendant continued to pose a real danger to the community and that the risk of this danger outweighed the extraordinary and compelling reason for release created by his medical condition).

### III.  Conclusion

Defendant's Emergency Motion for Order Reducing Sentence/Modifying Judgment or Motion for Compassionate Release (ECF No. 35) is denied on the merits.


IT IS SO ORDERED.


 August 6, 2020                               /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge

H:\wptext\3Ralph0-5\18-609 U.S. v. Holder ORD.wpd

8